**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **EZEKIEL DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-994-PRW** |
| | ) | |
| **DAVID LOUTHAN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a *pro se* state prisoner proceeding *in forma pauperis*, filed a civil rights complaint making various claims against numerous defendants. (Doc. 1). United States District Judge Patrick R. Wyrick referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 5). Before the Court is Plaintiff's Motion for Temporary Restraining Order and Federal Court Protection. (Doc. 17). For the reasons discussed below, the undersigned recommends that the court **DENY** Plaintiff's motion.

## I. Plaintiff's Motion for Temporary Restraining Order

The Court received Plaintiff's motion on November 6, 2025. (Doc. 17). The motion discusses his October 2025 spinal fusion surgery at OU Medical Center and subsequent treatment at both the Lindsay Municipal Hospital and the infirmary at the Oklahoma State Penitentiary ("OSP"). (*Id.* at 1-4). While Plaintiff provides many details regarding his treatment, most are wholly unrelated to his requested relief. The relevant facts are that Plaintiff was transferred from Lindsay Municipal Hospital to the infirmary at OSP on

October 24, 2025. (*Id.* at 4). He asserts he was placed in a maximum security cell with a dirty bed, no table, no plug for his electric bed, a call button that did not work, and a camera that was covered up. (*Id.*) He asserts the only way he could get the attention of guards was to beat on the glass and yell for help. (*Id.*) He alleges he did not receive timely medication on arrival. (*Id.*)

As relief, Plaintiff requests that the Court order a United States Marshal to make an unannounced visit to OSP, "be ready with camera or recording device," and be able to show the Court the condition of his cell at the infirmary. (*Id.* at 5). He also requests to be immediately transferred to a medium security cell and to be provided with "federal court protection."[1] (*Id.*)

On November 10, 2025, Plaintiff sent the Court a form noting his change of address from the infirmary to general population at the OSP. (Doc. 18).[2]

## II. Plaintiff Did Not Comply With the Federal Rules of Civil Procedure, and the Motion is Moot.

Among the issues with Plaintiff's motion are that (1) he fails to abide by the notice requirements of the Federal Rules of Civil Procedure governing temporary restraining

---

[1] Petitioner also requests counsel, but the undersigned addresses that claim by separate order, which addresses Plaintiff's Motion for the Appointment of Counsel, (Doc. 11).

[2] Petitioner previously sent the Court a Notice of Change of Address advising that he was in the Infirmary Unit at OSP, so his subsequent change of address indicates a move from the unit.

orders and (2) his requested relief is moot.[3] For those reasons, the Court should deny Plaintiff's motion.

The Federal Rules of Civil Procedure provide that "the court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if" a movant meets certain procedural requirements including "certify[ying] in writing any efforts made to give notice [to the non-movant] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Plaintiff has not complied with these requirements, which is grounds for denying the motion. *See*, *e.g.*, *Bahadorani v. Bondi*, No. CIV-25-1091-PRW, Doc. 11 (W.D. Okla. Sept. 24, 2025) (denying temporary restraining order when the petitioner disregarded Fed. R. Civ. P. 65(b)(1)); *Honeycutt v. Mitchell*, No. CIV-08-140-W, 2008 WL 4694226, at *1 (W.D. Okla. Oct. 23, 2008) (recognizing that a temporary restraining order is "an extraordinary remedy, appropriate only when the procedural safeguards of Fed. R. Civ. P. 65(b) are 'scrupulously honored'") (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure § 2952 at 271-72 (2d ed.1995)).

Mootness is an alternative basis for denying Plaintiff's motion. Plaintiff's requested relief related solely to the conditions of confinement in his cell at the OSP infirmary. But as noted above, Plaintiff moved from the OSP infirmary no more than four days after the court received the motion for a temporary restraining order. (Docs. 17, 18). Mootness is

[3] The undersigned does not suggest that Plaintiff's request would be granted if he had provided notice and the matter was not moot. Instead, these conditions make it unnecessary to reach the merits of the motion.

a proper basis for denying a motion for temporary restraining order. *See Stephens v. Jones*, 494 F. App'x 906, 910 (10th Cir. 2012) (affirming denial of motion for temporary restraining order, construed as a motion for preliminary injunction, as "undoubtedly mooted by his transfer" to a second prison because "the focus of his original TRO request was on access to his legal materials" at his first prison).

## III. Recommendation and Notice of Right to Object.

For the foregoing reasons, the undersigned recommends that the court **DENY** Plaintiff's Motion for Temporary Restraining Order and Federal Court Protection. (Doc. 17). **Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by September 9, 2026,** in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral to the undersigned Magistrate Judge.

IT IS SO ORDERED this 19th day of August, 2026.

Amanda L. Maxfield

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE