**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EZEKIEL DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-994-PRW |
| | ) | |
| DAVID LOUTHAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Magistrate Judge Amanda Leigh Maxfield's Report and Recommendation (Dkt. 26), recommending that Plaintiff's Motion for Temporary Restraining Order (Dkt. 17) be **DENIED**. Magistrate Judge Maxfield determined that the Motion (1) did not comply with the Federal Rules of Civil Procedure, and (2) is moot.[1] In particular, the Motion did not comply with Rule 65(b)(1)(B), which requires a movant for a temporary restraining order who did not provide notice of the request for relief to the non-movant to "certif[y] in writing any efforts made to give notice [to the non-movant] and the reasons why it should not be required." Alternatively, the Magistrate Judge recommended that the Motion be deemed moot because it requested relief related solely to the conditions of Plaintiff's confinement in his cell at the Oklahoma State Penitentiary

[1] R&R (Dkt. 26), at 2–4.

infirmary, but Plaintiff subsequently notified the Court of a change of address.[2] Plaintiff filed Objections to the Report and Recommendation (Dkt. 28) on September 8, 2026.

Plaintiff states that Magistrate Judge Maxfield is "acting in the clear absence of jurisdiction."[3] Plaintiff appears to be arguing that his consent was necessary for the Magistrate Judge to have jurisdiction over this matter. The Tenth Circuit has held, however, that when a judge designates a magistrate judge to submit proposed findings of fact and recommendations for the disposition of a motion, consent is not required.[4] This case was referred to Magistrate Judge Maxfield, consistent with 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and recommendations as to dispositive matters.[5] Therefore, the Magistrate Judge had jurisdiction over this matter. Plaintiff has identified no other jurisdictional defect or other basis for concluding that the Magistrate Judge lacked authority to issue the Report and Recommendation. Even liberally construing Plaintiff's pro se filing, the Court will not construct arguments on his behalf.[6]

Plaintiff also objects to "being penalized for not providing notice to the adverse party," and states that his change of address did not indicate he had been moved out of the

---

[2] Notice of Change of Address (Dkt. 18).

[3] Objs. to R&R (Dkt. 28), at 2.

[4] *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) ("[W]here the parties did not consent to proceeding before the magistrate judge … the district court may designate a magistrate judge to consider various matters.")

[5] Order Referring Case (Dkt. 5).

[6] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

infirmary.[7] But Rule 65(b)(1)(B) only requires the movant to "certif[y] in writing any efforts made to give notice and the reasons why it should not be required," and Plaintiff does not dispute that he did not do so. Plaintiff also acknowledges having been later moved out of the infirmary and states that "due to this Court's delay the TRO is moot."[8]

Accordingly, having reviewed the Report and Recommendation and Plaintiff's objections *de novo*, the Court agrees with and **ADOPTS** the Report and Recommendation (Dkt. 26) insofar as it recommends denial of the Motion. The Court therefore **DENIES** Plaintiff's Motion for Temporary Restraining Order (Dkt. 17).

**IT IS SO ORDERED** this 14th day of September 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

[7] Objs. to R&R (Dkt. 28), at 2, 4.

[8] *Id.* at 2.